

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2009

# Paul Levan v. T. Sneizek

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4116

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Paul Levan v. T. Sneizek" (2009). *2009 Decisions.* Paper 1541.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1541

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4116
_____

PAUL S. LEVAN,
                                            Appellant
vs.

T.R. SNEIZEK, WARDEN; PA STATE ATTORNEY GENERAL.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-01713)
District Judge: Thomas I. Vanaskie
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed:  April 15, 2009)
_____

OPINION
_____

PER CURIAM.

        Paul S. Levan, a federal prisoner, appeals from an order of the United States

District Court for the Middle District of Pennsylvania dismissing his habeas corpus

petition for lack of jurisdiction.  We will summarily affirm because Levan's appeal

1

presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

Levan was convicted by a jury in the United States District Court for the Eastern District of Pennsylvania of conspiracy to manufacture in excess of one kilogram of methamphetamine, in violation of 21 U.S.C. § 846, and was sentenced in 1998 to 293 months of imprisonment. This Court affirmed the conviction and sentence in 1999. Levan then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging that his trial counsel was ineffective, the government failed to turn over exculpatory material to the defense, and his constitutional rights were violated when the judge, rather than the jury, determined the quantity of drugs involved in his crime, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The District Court denied the motion after an evidentiary hearing, Levan v. United States, 128 F. Supp. 2d 270 (E.D. Pa. 2001), and this Court denied Levan's request for a certificate of appealability, as well as his petition for a rehearing en banc. In 2003, the Supreme Court denied Levan's petition for a writ of certiorari. In 2006, Levan moved for leave to file a second or successive § 2255 motion raising a claim based on United States v. Booker, 543 U.S. 220 (2005), which this Court denied.

In September 2007, Levan filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Middle District of Pennsylvania, claiming that he is "actually innocent" of the sentence he received due to a clarification of the law and his due process rights were violated because he was not informed of the "proper

2

consequences" of his decision to proceed to trial as opposed to accepting the government's offer of a plea agreement. The District Court dismissed the § 2241 petition on the ground that Levan could raise his claims only in a § 2255 motion. The District Court also denied Levan's motion for reconsideration.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Upon review, we agree with the District Court that Levan may raise his claims only in a § 2255 motion. A § 2255 motion is the presumptive means by which a federal prisoner may challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974). A federal prisoner may proceed under § 2241, as Levan has attempted to do, only if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). This exception is extremely limited, generally reserved for situations where a later ruling holds that a prisoner's conduct is no longer criminal. In re Dorsainvil, 119 F.3d 245, 252 (3d Cir. 1997).

Levan has failed to show that a § 2255 motion would have been "inadequate or ineffective." The denial of his motion for leave to file a second or successive § 2255 motion does not suffice to make the showing because the inability of a prisoner to meet  procedural requirements, such as the stringent gatekeeping requirements

3

for filing a second or successive petition, does not render § 2255 inadequate or ineffective. Cradle, 290 F.3d at 539. Levan argues that he should be allowed to proceed with a § 2241 petition because his situation is similar to that in Dorsainvil. In Dorsainvil, we permitted a § 2241 petition to go forward where a subsequent change of law made the conduct the federal prisoner was convicted of no longer criminal. 119 F.3d at 251-52. But Levan does not contend that his conduct is no longer criminal; he argues only that he is innocent of his sentence in light of Booker.

Our decision in Cristin v. Brennan, 281 F.3d 404 (3d Cir. 2002), does not help Levan because it did not bring "actual innocence of the sentence" within the ambit of the Dorsainvil exception as he contends. On the contrary, that decision concerned an entirely separate issue – procedural default of claims in a § 2254 habeas petition – and, in the course of rejecting the petitioner's argument that innocence of the sentence constituted a miscarriage of justice that would excuse procedural default, noted that the Supreme Court has recognized an "innocence of the sentence" argument in a capital case. Id. at 421-22. Nothing in Cristin v. Brennan pertains to § 2241 petitions brought by federal prisoners and what might constitute a showing that the remedy in § 2255 is inadequate or ineffective. Finally, we agree with the District Court that Levan could have raised his due process claim regarding the consequences of proceeding to trial in his § 2255 motion. Levan may not use a § 2241 petition to evade § 2255's limitations on successive motions for relief.

Accordingly, we will summarily affirm the order of the District Court dismissing Levan's habeas petition.